**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF MOTION FOR**
**PARTIAL FINAL JUDGMENT FOR PLAINTIFF RACHEL UCHITEL**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1.     I am an attorney representing the Plaintiffs in the above-captioned litigations, and I submit this declaration in support of the motion for final judgment as to damages on behalf of Rachel Uchitel, who is identified in the annexed Exhibit A (the "Moving Plaintiff") in the above-referenced actions.  Such motion seeks an Order:

(a)     awarding the Moving Plaintiff a judgment as to damages in the same amount previously awarded by this Court to various similarly situated plaintiffs in *O'Neill, Burnett*, *Havlish*, *Ashton*, *Bauer*, and other cases; AND,

(b)     determining that Rachel Uchitel is the functional equivalent of a spouse of Andrew O'Grady, who died in the Terrorist Attacks on September 11, 2001; AND,

(c)     awarding solatium damages to the Moving Plaintiff in the amount of $12,500,000, as set forth in annexed Exhibit A; AND,

docs-100607869.1

(d)     awarding the Moving Plaintiff prejudgment interest at the rate of 4.96

percent per annum, compounded annually for the period from September

11, 2001 until the date of the judgment for damages; AND,

(e)     granting the Moving Plaintiff permission to seek punitive damages,

economic damages, and other appropriate damages at a later date; AND,

(f)     granting permission for all other Plaintiffs in these actions not appearing

in annexed Exhibit A to submit applications for damages awards in later

stages, to the extent such awards have not previously been addressed;

AND

(g)     granting the Moving Plaintiff such other and further relief as this

Honorable Court deems just and proper.

<u>Applicable Orders</u>

2.     The form of this motion and the relief requested herein are intended to comply

with the following orders of this Court:

a.  The Court's January 24, 2017 Order, ECF No. 3435,[1] requiring that "[a]ll
    further motions for final judgment against any defaulting defendant shall be
    accompanied by a sworn declaration attesting that the attorney has (1)
    complied with the due diligence safeguards [referenced in Section II.D. of the
    January 23, 2017 letter from the Plaintiffs' Executive Committee, ECF No.
    3433] and (2) personally verified that no relief has previously been awarded to
    any plaintiff included in the judgment (or, if relief has been awarded, the
    nature of that relief)."

b.  The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts
    of solatium damage awards.

c.  The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al
    Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda
    Islamic Army*, 02-CV-6977 (GBD)(SN).

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

    d.    The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

    e.    The Court's December 6, 2019 Order, ECF No. 5338, setting forth the scheduling order.

    f.    The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

3.    The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C.

<u>Due Diligence:</u>

4.    The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past over nineteen (19) years, my firm's representation of the Moving Plaintiff in connection with the September 11th litigations, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiff, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the Moving Plaintiff is a party.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5.    The Moving Plaintiff identified in annexed Exhibit A is the functional equivalent of an immediate family member of a decedent from the terrorist attacks on September 11, 2001, as specifically set forth in annexed Exhibit A.  The Moving Plaintiff has provided documentary evidence of her familial relationship to a 9/11 decedent, as discussed in paragraphs 20 to 23 hereof (functional equivalents), which attest to a familial relationship eligible for recovery.

6.      Intentionally omitted.

7.      Intentionally omitted.

8.      The decedent listed in annexed Exhibit A died in the September 11th terrorist

attacks and is survived by the family member whose relationship to the decedents is described in

annexed Exhibit A.  This relationship has been personally verified by staff members in my office

who have obtained written documentation and/or conducted interviews confirming the

relationships as described in paragraphs 20 to 23 hereof.

9.      To minimize the chance of any human error, my firm has instituted a further level

of quality control, during which an additional attorney has reviewed all case files and

corroborated that the relationship is as stated in annexed Exhibit A and that the claimant survived

the death of their loved one on September 11, 2001.

10.      After reviewing the records available to me regarding other judgments entered by

this Court against Iran, I have not identified any relief that has previously been awarded to the

Moving Plaintiff identified in annexed Exhibit A.

11.      Before filing this motion, I have (1) complied with the due diligence safeguards

referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive

Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records

available to me regarding other judgments entered by this Court against Iran, no economic relief

has previously been awarded to the Moving Plaintiff included in the proposed judgment.

12.      Intentionally omitted.

13.      We have verified via written documentation and/or interviews that the Moving

Plaintiff has not recovered for such losses by way of an award of this Court as to Iran.

14.     We have further confirmed that the Moving Plaintiff does not have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

Notices of Amendment:

15.     Intentionally omitted.

16.     Intentionally omitted.

Service of Process

17.     Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in depth in the Memorandum of Law, and by way of an Affidavit of Service and Affidavit in Support of Requests for Clerk's Default by Jerry S. Goldman, Esq., previously filed as of record, under the ECF Nos. set forth in the Memorandum of Law.

Solatium:

18.     We have been retained individually by the Moving Plaintiff listed in annexed Exhibit A to pursue recovery for her solatium loss arising out of the deaths of her loved one on September 11, 2001.  The Moving Plaintiff is the functional equivalent of an immediate relative of a 9/11 decedent, and has been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that the Moving Plaintiff listed in annexed Exhibit A has not recovered for her solatium damages previously, nor does she have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

19.     The solatium amount set forth in annexed Exhibit A is the figure this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent.  *See, e.g.*, ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

5

Functional Equivalents:

20.     A true and correct copy of the Declaration of Rachel Uchitel is attached hereto as Exhibit B and incorporated herein.

21.     A true and correct copy of the Declaration of Susan Bishop is attached hereto as Exhibit C and incorporated herein.

22.     A true and correct copy of the Declaration of Alison Goodman is attached hereto as Exhibit D and incorporated herein.

23.     A true and correct copy of the Declaration of Ethan Greenberg, Esq. is attached hereto as Exhibit E and incorporated herein.

Conclusion:

24.     Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgment as set forth in the Notice of Motion, including annexed Exhibit A.


Dated:   New York, New York
         May 31, 2023

                                            /s Jerry S. Goldman
                                            Jerry S. Goldman, Esq.