```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:
                                                                    03-MD-01570 (GBD)(SN)
    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                              REPORT &
                                                                    RECOMMENDATION

-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

> DeRubbio, et al. v. Islamic Republic of Iran, No. 18-cv-05306
> Morris, et al. v. Islamic Republic of Iran, No. 18-cv-05321
> Ades, et al. v. Islamic Republic of Iran, No. 18-cv-07306
> Kim, et al. v. Islamic Republic of Iran, No. 18-cv-11870
> Jimenez, et al. v. Islamic Republic of Iran, No. 18-cv-11875
> Rivelli, et al. v. Islamic Republic of Iran, No. 18-cv-11878
> Aamoth, et al. v. Islamic Republic of Iran, No. 18-cv-12276
> Hemenway, et al. v. Islamic Republic of Iran, No. 18-cv-12277
> Bernaerts, et al. v. Islamic Republic of Iran, No. 19-cv-11865
> Aron, et al. v. Islamic Republic of Iran, No. 20-cv-09376
> Hargrave, et al. v. Islamic Republic of Iran, No. 20-cv-09387
> Asaro, et al. v. Islamic Republic of Iran, No. 20-cv-10460
> Bianco, et al. v. Islamic Republic of Iran, No. 20-cv-10902
> Amato, et al. v. Islamic Republic of Iran, No. 21-cv-10239
> King, et al. v. Islamic Republic of Iran, No. 22-cv-05193

Plaintiffs from 15 cases in this multidistrict litigation move for partial final default judgments against the Islamic Republic of Iran. See ECF Nos. 9147, 9148, 9149, 9378.[1] They seek pain and suffering, solatium, and economic damages on behalf of the estates of 57 people killed in the 9/11 Attacks; 121 people who lost family members; and two police officers who

---

[1] All ECF numbers refer to the main MDL docket, No. 03-md-01570.

narrowly survived the collapse of the Twin Towers. See ECF Nos. 9148, 9150. The Court recommends granting in part and denying in part their motions.

## DISCUSSION

The Court assumes familiarity with this multidistrict litigation and summarizes only the relevant procedural and factual background. The Court previously entered default judgments as to liability against Iran in each of the relevant cases.[2] What remains is to determine whether the plaintiffs are entitled to the damages they request.

As to four estates—those of Victoria Alvarez-Brito, Mario Brito, Frederick Kuo Jr., and Michael Lomax—the answer is no. The plaintiffs prosecuting those estates' claims (Jamie Brito[3], Michael R. Kuo, and Elisa P. Malani) are not state-appointed personal representatives. They have petitioned to be appointed as personal representatives but have not been approved. See ECF No. 9148 at 49–50. Until their appointments are finalized, the Court recommends denying without prejudice their requests for default judgments in favor of those estates.

The remaining estates and surviving family members fare better. Personal representatives have been appointed and substituted where appropriate. Their requests for pain and suffering and solatium damages are consistent with the Court's frameworks for those awards. Compare ECF No. 9150, with ECF Nos. 2618, 3363. And their economic damages figures are supported by financial analyses performed by economist John Beauzile. See ECF Nos. 9149-28–32, 9378. The Court therefore recommends awarding these plaintiffs pain and suffering, solatium, and economic damages as listed in Exhibit A.

---

[2] See ECF Nos. 4563 (DeRubbio), 4594 (Ades), 4595 (Morris), 5047 (Rivelli), 5049 (Kim), 5050 (Aamoth), 5054 (Hemenway), 5056 (Jimenez), 7522 (Bernaerts, Aron, Hargrave, Asaro, Bianco), 8978 (Amato), 9416 (King).
[3] Jamie Brito is prosecuting claims on behalf of two estates, Victoria Alvarez-Brito's and Mario Brito's.

2

Finally, we come to the two plaintiffs injured at Ground Zero. The Court determines the appropriate damages for their injuries using the framework established in Burnett I, ECF No. 5879 at 2–10, and applied dozens of times since. See, e.g., ECF Nos. 5888, 5909, 5914, 5915, 5932, 7142, 7323, 8258, 8266, 9168. This framework divides injuries into three categories with corresponding damages amounts: a baseline award ($7,000,000) for "severe" injuries, a downward departure ($5,000,000) for "significant" injuries, and an upward departure ($10,000,000) for "devastating" injuries. Id. at 6–10. For rare individuals with exceptionally traumatic injuries, the Court has recommended damages above $10 million. See, e.g., ECF No. 5909 at 12–13 (awarding damages of $25,000,000 where the plaintiff's injuries were "beyond devastating").

The Court recognizes that each victim's story is unique, and these labels necessarily group together plaintiffs with disparate experiences. That said, the Court is wary of parsing injuries too finely, which risks creating false hierarchies and would make administering this litigation more burdensome. Accordingly, the Court has endeavored to broadly classify injuries based on "a number of factors, including 'the severity of the pain immediately following the injury, the length of hospitalization, and the extent of the impairment that will remain with the victim for the rest of his or her life.'" ECF No. 5879 at 3 (quoting O'Brien v. Islamic Republic of Iran, 853 F. Supp. 2d 44, 46 (D.D.C. 2012) (cleaned up)). The Court applies this "inexact science" to William Jose Jimeno and John McLoughlin who, like thousands of other public servants, ran toward danger as so many others fled. Id. at 4. Although they count themselves lucky to have survived, their heroism came with untold sacrifice.

I.     William Jose Jimeno

Port Authority Police Officer William Jose Jimeno[4] was on duty in midtown Manhattan when he learned that two planes had crashed into the World Trade Center. See ECF No. 9149-20 at ¶ 8. He and his colleagues headed downtown to assist the response. See id. As they gathered equipment in a concourse between the Twin Towers, he "heard a loud boom" and "saw a fireball about the size of [his] house" explode into the South Tower lobby. Id. at ¶ 12; see ECF No. 9149-26 at 13–14. He was thrown onto his back and then "everything just went black." ECF No. 9149-20 at ¶ 12. The South Tower had collapsed, burying him in a mountain of debris. See id. at ¶¶ 12–13.

Two Port Authority Police Department ("PAPD") officers were trapped near him—his friend, Officer Dominick Pezzulo, and Lieutenant John McLoughlin[5]. See id. at ¶ 14. The others had been killed in the "shower of concrete" that was slowly crushing Detective Jimeno's chest and legs. Id. at ¶ 15. Officer Pezzulo managed to extricate himself from the rubble and tried to help his friend. See id. at ¶ 16. Then they "heard another loud boom" and braced for a second onslaught of debris. Id. at ¶ 17. The North Tower was collapsing. See id. Officer Pezzulo was knocked down and started "bleeding profusely from his mouth." Id. at ¶ 19. As he lay dying, he fired one round from his gun through an opening in the debris "in a last-ditch effort to call for help." Id.

Hours stretched on and Detective Jimeno's hope of rescue waned. The weight of the concrete was unrelenting. He developed compartment syndrome. See id. at ¶ 22. "[F]ireballs started falling" down the shaft in the rubble, burning his arms. Id. at ¶ 21. The heat was so

---

[4] In 2004, Jimeno was promoted to Detective. Accordingly, the Court refers to him by his current, and earned, rank.
[5] In 2003, McLoughlin was promoted to Lieutenant. The Court refers to him by his current, and earned, rank.

intense, his friend's gun started discharging on its own. See id. The shots barely missed him. See id.

Around 8 p.m., he heard a Marine shouting from above and he yelled back. See id. at ¶ 25. Rescue workers arrived shortly after and started digging him out. See id. at ¶¶ 25–26. When they struggled to free his left leg, he "told them to cut it off." Id. at ¶ 26. They refused. See id. Finally, 13 hours after the first collapse, medics pulled Detective Jimeno from the rubble and put him in an ambulance. See id. at ¶¶ 27, 29.

He was not out of the woods. His "left leg had quadrupled in size" and "toxins" had built up in his "dead and dying muscle tissues." Id. at ¶¶ 29–30. He "flatlined twice" in the emergency room. Id. at ¶ 29. Doctors revived him, then "cut [him] open from [his] upper left thigh all the way down to [his] left ankle" to relieve the pressure in his leg. Id. Over the next 13 days, they performed eight debridement surgeries to remove necrotic tissue. See id. at ¶ 31. They sucked gravel from his lungs. See id. at ¶ 33. Then came the skin grafts and "the most excruciating pain [he] ha[d] ever known." Id. at ¶ 32.

Detective Jimeno spent a month in the hospital and a year in outpatient treatment. See id. at ¶¶ 34–35. Despite intensive therapy, permanent nerve and muscle damage has left his leg "disfigured," "deformed," "severely atrophied," and "extreme[ly] sensitiv[e]." ECF No. 9149-20 at ¶¶ 39–40. If he bumps it in the wrong place, the agony can knock him unconscious. See id. at ¶ 40. He cannot walk or stand for long periods of time and needs help with "some of the simplest activities of daily life." Id. at ¶ 46; see id. at ¶¶ 38–42. He has been unable to work since his medical retirement from the PAPD in 2004. See ECF No. 9149-26 at 35. And like many survivors, he developed post-traumatic stress disorder ("PTSD"). See ECF No. 9149-20 at ¶ 43.

5

His injuries are captured in medical records, media reports, and photographs. See ECF Nos. 9149-22–27.

What Detective Jimeno suffered was beyond devastating. Looking solely at the fallout from his injuries, an award of $15 million would be appropriate. He had over a dozen surgeries, spent months in and out of hospitals, and remains debilitated by the effects of his crush injuries. See, e.g., ECF No. 7323 at 12–13 (recommending $15 million for plaintiff with nine-month hospitalization, seven surgeries, and vision and hearing loss). But the Court considers more than just "'the length of hospitalization'" or "'the extent of the impairment.'" ECF No. 5879 at 3 (quoting O'Brien, 853 F. Supp. 2d at 46 (cleaned up)). It looks also to the physical and psychological "'pain immediately following the injury.'" Id. Detective Jimeno spent 13 hours "buried alive." Peterson v. Islamic Republic of Iran, 515 F. Supp. 2d 25, 54 (D.D.C. 2007) (awarding greater damages to a plaintiff left for dead in a body bag). In that time, he remained "alert" to the overwhelming pain of the concrete slab crushing his body and watched his friend, Officer Pezzulo, die trying to rescue him. Wultz v. Islamic Republic of Iran, 864 F. Supp. 2d 24, 38 (D.D.C. 2012) (increasing award for plaintiff who was awake during trauma); see ECF No. 5909 at 8–9 (recommending larger awards for plaintiffs who "suffered . . . alongside" a loved one). In recognition of this unique trauma, the Court recommends awarding him $18 million in pain and suffering damages.

Detective Jimeno also seeks compensation for his economic losses. His request is supported by a report from economist John Beauzile, see ECF No. 9378-4 at 67–78, on whose analyses the Court has based prior awards to personal injury plaintiffs. See, e.g., ECF No. 9168, adopted at ECF No. 9213. The Court credits this report and recommends awarding him economic damages of $3,181,931.

## II.     John McLoughlin

Lieutenant John McLoughlin's story began just like Detective Jimeno's. He was on duty in midtown when PAPD officers were called to assist at the World Trade Center. See ECF No. 9149-54 at ¶ 9. Arriving on the scene, he organized a group of volunteers to go into the burning towers. See id. at ¶ 11. They were in a concourse on their way to the South Tower when it collapsed. See id. at ¶¶ 12–14. Lieutenant McLoughlin's "entire body from the hips on down was covered by pieces of concrete and rubble," and he could not move anything except his left arm. Id. at ¶ 16. Two of his colleagues were dead. See id. at ¶ 17. A third, Officer Pezzulo, was killed minutes later when the North Tower collapsed. See id. at ¶¶ 19–21. Then, hours of nothing but "severe pain," thirst, and mounting despair. Id. at ¶ 24. Two former Marines finally found him and Detective Jimeno after nightfall. See id. at ¶ 26. Along with a crew of first responders, they spent three hours digging his colleague out of the wreckage. See id. at ¶¶ 26–28.

The team then turned to Lieutenant McLoughlin. See id. at ¶ 29. Freeing him was slow work. The tight quarters and smoke meant working in shifts. See id. at ¶ 30. The medics worried that the rescue was taking too long and nearly amputated his legs at the thigh. See id. at ¶ 31. But after working through the night, they carried him out and into a waiting ambulance. See id. at ¶ 32. Lieutenant McLoughlin had spent nearly 23 hours pinned deep within the smoking remains of the Twin Towers. See id. at ¶ 34. He was the second to last person to be rescued alive. See id.

He nearly died at the hospital. See id. at ¶ 36. Massive crush injuries and compartment syndrome caused his organs to fail. See id. at ¶ 35. Doctors put him in a medically induced coma for six weeks while they performed 27 surgeries. See id. at ¶¶ 36–37. They removed necrotic tissue, excised his abductor muscles; reconstructed a burst artery in his right leg; and grafted skin onto open wounds on much of his back and legs. See id. at ¶ 38. When he awoke in late October, he was in terrible pain. See id. at ¶ 40. His surgeons had "consulted with retired military doctors

7

who had experience closing battle wounds" but had been unable to heal his wounds. Id. at ¶ 39. Even so, he was allowed to return home after four months and begin outpatient treatment. See id. at ¶ 42.

Lieutenant McLoughlin's rehabilitation, like his rescue, proved slow. Learning to sit up "took many months." Id. at ¶ 44. He "was confined to [his] bed and a wheelchair for the first two years." Id. at ¶ 45. He finally learned to walk unassisted after three years of outpatient treatment. See id. Occupational therapists, physical therapists, and wound care specialists taught him "to perform daily tasks as a disabled person," "break down the scar tissue in [his] body . . . to increase [his] flexibility," and treat his still-open wounds. Id. at ¶ 44. He had seven more surgeries "during which the doctors . . . attempted to close the wounds on both [his] hips." Id. at ¶ 46. They were "only partially successful." Id. As a result, he lives with open wounds that require twice daily dressing changes and make him vulnerable to serious bone infections that have at times necessitated daily intravenous antibiotic infusions for six-week stretches. See id. at ¶¶ 46–47. He also developed PTSD, see id. at ¶¶ 61–62, and chronic rhinosinusitis—a condition that "causes [him] to cough, choke[,] and gag to the point of almost blacking out" and led to two more surgeries, id. at ¶ 48. Medical records, photographs, WTC Health Program documentation, and media coverage confirm these conditions. See ECF Nos. 9149-33–54.

Lieutenant McLoughlin's injuries continue to torment him. His "legs and back are disfigured and deformed." ECF No. 9149-54 at ¶ 50. He has "no feeling from [his] knees on down in either leg." Id. at ¶ 51. He must "wear plastic braces on both of [his] legs" and "cannot either sit down or stand for long periods of time." Id. at ¶ 52. Bending over "is extremely difficult and painful." Id. at ¶ 53. His body struggles to regulate its temperature because "skin grafts do not have sweat glands." Id. at ¶ 55. He cannot exercise: using an elliptical machine

"tore" his wounds open "even further," an upper body workout gave him a hernia, and a swim could "infect [his] open wounds and possibly [kill] him." Id. at ¶ 56. His limitations and pain forced him to retire from the PAPD in 2004. See id. at ¶ 58.

Lieutenant McLoughlin's trauma was beyond devastating: 23 hours entombed in a pile of burning rubble; six weeks in a medically induced coma; three years spent relearning how to walk; 38 surgeries; two open wounds; a body profoundly marked by pain. His experiences are some of the most harrowing the Court has confronted—comparable (to the extent comparisons can be made) to those of the plaintiff granted the highest personal injury award in this litigation. See ECF No. 5909 at 11–13 (recommending a $25 million award to a woman who "suffered burns on 82.5% of her body, the majority of them third degree"). The Court therefore recommends awarding Mr. McLoughlin $25 million in pain and suffering damages.

Lieutenant McLoughlin likewise seeks economic damages based on a report from economist John Beauzile. See ECF No. 9378-4 at 114–25. His request is amply supported, and the Court recommends awarding him economic damages of $2,660,711.

## CONCLUSION

The Court recommends entering partial final judgments and awarding pain and suffering, solatium, and economic damages to the plaintiffs as described in this Report and as listed in Exhibit A.

Plaintiffs listed in Exhibit A should be awarded prejudgment interest of 4.96 percent per annum, compounded annually. For pain and suffering and solatium damages, interest should run from September 11, 2001, until the date of judgment. For economic damages, interest should run from:

- June 1, 2022, for the Estates of David Gary Carlone and Steven Paul Chucknick;

- September 1, 2022, for William Jose Jimeno and John McLoughlin;

- October 1, 2022, for the Estates of John E. Eichler, Virginia E. Fox, Michelle H. Goldstein, and Thomas Michael Regan;

- November 1, 2022, for the Estates of Emerita De La Pena, John Joseph Doherty III, Kathy Nancy Mazza, and John Rhodes;

- December 1, 2022, for the Estates of Patrick Thomas Dwyer, Carl Martin Flickinger, Joseph John Hasson III, James Frances Murphy IV, Joseph Michael Navas, Keith Kevin O'Connor, and Patrick John O'Shea;

- January 1, 2023, for the Estates of Timothy Joseph Finnerty, David Eliot Retik, and Donald Walter Robertson Jr.;

- March 1, 2023, for the Estates of Judith Berquis Diaz-Sierra, Nancy Liz, and Robert David Peraza; and

- April 1, 2023, for the Estate of Joanne Rubino;

until the date of judgment.

The Court recommends denying without prejudice plaintiffs' motion for partial final damages judgments for the estates of Victoria Alvarez-Brito, Mario Brito, Frederick Kuo Jr., and Michael Lomax.

All plaintiffs in these member cases should be permitted to submit further applications for damages consistent with any future rulings of the Court.

SARAH NETBURN
United States Magistrate Judge

DATED:    November 28, 2023
          New York, New York

\*          \*          \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

# EXHIBIT A

Please note: rows with grey shading indicate claims brought on behalf of the estates of people killed in the 9/11 Attacks.

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| William Jose Jimeno | | King | $18,000,000 | | $3,181,931 |
| John McLoughlin | | King | $25,000,000 | | $2,660,711 |
| Jeannette Ramos, as personal representative of the estate of | Anthony Alvarado | King | $2,000,000 | | |
| Anthony Joshua Alvarado | Anthony Alvarado | King | | $8,500,000 | |
| Elizabeth Rick, as personal representative of the estate of | Scott Daniel Bart | King | $2,000,000 | | |
| Elizabeth Courtney Rick | Scott Daniel Bart | King | | $12,500,000 | |
| Jamie Brito | Victoria Alvarez-Brito | King | | $8,500,000 | |
| Raul Brito | Victoria Alvarez-Brito | King | | $8,500,000 | |
| Eve Bucca, as personal representative of the estate of | Ronald Paul Bucca | King | $2,000,000 | | |
| Alfred R. Bucca | Ronald Paul Bucca | King | | $4,250,000 | |
| Astrid Bucca | Ronald Paul Bucca | King | | $8,500,000 | |
| Eve Elizabeth Bucca | Ronald Paul Bucca | King | | $12,500,000 | |
| Robert Bucca | Ronald Paul Bucca | King | | $4,250,000 | |
| Ronald Luke Bucca | Ronald Paul Bucca | King | | $8,500,000 | |
| Jessica Bucca-Hughes | Ronald Paul Bucca | King | | $8,500,000 | |
| Beverly Carlone, as personal representative of the estate of | David Gary Carlone | King | $2,000,000 | | $3,607,825 |
| Beverly Deschino Carlone | David Gary Carlone | King | | $12,500,000 | |
| Barbara Chucknick, as personal representative of the estate of | Steven Paul Chucknick | King | $2,000,000 | | $3,825,361 |
| Barbara Marie Chucknick | Steven Paul Chucknick | King | | $12,500,000 | |
| Steven Louis Chucknick | Steven Paul Chucknick | King | | $8,500,000 | |
| Stefanie Oliva, as personal representative of the estate of | Alex F. Ciccone | King | $2,000,000 | | |
| Stefanie Marie Oliva | Alex F. Ciccone | King | | $12,500,000 | |
| Lidia Alvarez | Juan Pablo Alvarez Cisneros | King | | $8,500,000 | |
| Alfonso Cisneros | Juan Pablo Alvarez Cisneros | King | | $8,500,000 | |

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| Ana Maria Cisneros | Juan Pablo Alvarez Cisneros | King | | $4,250,000 | |
| Beth Schutte, as personal representative of the estate of | Patricia A. Cody | Aamoth | $2,000,000 | | |
| Gabriel De La Pena, as personal representative of the estate of | Emerita De La Pena | Aron | | | $5,950,952 |
| Ronald Sierra, as personal representative of the estate of | Judith Berquis Diaz-Sierra | Aron | | | $2,254,411 |
| Page Dantzler Dickerson, as personal representative of the estate of | Jerry Don Dickerson | King | $2,000,000 | | |
| Elizabeth Bailey Dickerson | Jerry Don Dickerson | King | | $8,500,000 | |
| Page Dantzler Dickerson | Jerry Don Dickerson | King | | $12,500,000 | |
| William Austin Dickerson | Jerry Don Dickerson | King | | $8,500,000 | |
| Sol Newman | Debra Ann DiMartino | King | | $4,250,000 | |
| Angelo John Puma | Debra Ann DiMartino | King | | $4,250,000 | |
| Josephine Tabick | Debra Ann DiMartino | King | | $4,250,000 | |
| Nicole Braithwaite-Dingle, as personal representative of the estate of | Jeffrey Dingle | King | $2,000,000 | | |
| Nicole Brathwaite-Dingle | Jeffrey Dingle | King | | $12,500,000 | |
| Jassiem Dingle | Jeffrey Dingle | King | | $8,500,000 | |
| Nia Dingle | Jeffrey Dingle | King | | $8,500,000 | |
| Mary Doherty, as personal representative of the estate of | John Joseph Doherty III | Bianco | | | $3,348,177 |
| John G. Duffy, as personal representative of the estate of | Christopher Michael Duffy | King | $2,000,000 | | |
| Brian Matthew Duffy | Christopher Michael Duffy | King | | $4,250,000 | |
| John Duffy | Christopher Michael Duffy | King | | $8,500,000 | |
| Kevin Thomas Duffy | Christopher Michael Duffy | King | | $4,250,000 | |
| Kathleen Langan | Christopher Michael Duffy | King | | $8,500,000 | |
| Caitlin McCaffrey Meloy | Christopher Michael Duffy | King | | $4,250,000 | |
| Kara Anne Mylod | Christopher Michael Duffy | King | | $4,250,000 | |
| Jo Ann Dwyer, as personal representative of the estate of | Patrick Thomas Dwyer | Bianco | | | $68,381,557 |
| Angela Eacobacci | Joseph Anthony Eacobacci | King | | $8,500,000 | |
| Mitchell Joseph Eacobacci | Joseph Anthony Eacobacci | King | | $8,500,000 | |

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| John R. Eichler, as personal representative of the estate of | John E. Eichler | Kim | | | $2,229,794 |
| Danielle Fehling-Wasnieski, as personal representative of the estate of | Lee Stanley Fehling | King | $2,000,000 | | |
| Joan M. Bischoff | Lee Stanley Fehling | King | | $8,500,000 | |
| James E. Fehling Jr. | Lee Stanley Fehling | King | | $4,250,000 | |
| Kaitlin Nicole Fehling | Lee Stanley Fehling | King | | $8,500,000 | |
| Megan Lee Fehling | Lee Stanley Fehling | King | | $8,500,000 | |
| Thomas John Fehling | Lee Stanley Fehling | King | | $4,250,000 | |
| Danielle Claire Fehling-Wasnieski | Lee Stanley Fehling | King | | $12,500,000 | |
| Theresa Roberts, as personal representative of the estate of | Timothy Joseph Finnerty | Aron | | | $7,814,071 |
| Lynda T. Scarcella, as personal representative of the estate of | Paul Matthew Fiori | King | $2,000,000 | | |
| Adriana Marie Fiori | Paul Matthew Fiori | King | | $8,500,000 | |
| Debbi Liberta Fiori | Paul Matthew Fiori | King | | $8,500,000 | |
| Lynda Theresa Scarcella | Paul Matthew Fiori | King | | $12,500,000 | |
| Kathleen Flickinger, as personal representative of the estate of | Carl Martin Flickinger | Aron | | | $12,249,995 |
| Allison Fox-Breland, as personal representative of the estate of | Virginia E. Fox | Ades | | | $208,536 |
| Jessica Geier, as personal representative of the estate of | Paul Hamilton Geier | Amato | $2,000,000 | | |
| Edward Goldstein, as personal representative of the estate of | Michelle H. Goldstein | Aamoth | | | $3,252,145 |
| Cynthia Gomes, as personal representative of the estate of | Dennis James Gomes | King | $2,000,000 | | |
| Cynthia Marie Gomes | Dennis James Gomes | King | | $12,500,000 | |
| Mackenzie May Gomes | Dennis James Gomes | King | | $8,500,000 | |
| Mary Hasson, as personal representative of the estate of | Joseph John Hasson III | Asaro | | | $3,529,760 |
| Petrolina Sencion | Maxima Jean-Pierre | DeRubbio | | $8,500,000 | |
| Greffery John | Charles Gregory John | Hemenway | | $8,500,000 | |
| Gregory Isaac John | Charles Gregory John | Hemenway | | $8,500,000 | |
| Marisa Alexus John | Charles Gregory John | Hemenway | | $8,500,000 | |

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| Gillian Marcia Gransaull-Joseph | Stephen Joseph | King | | $12,500,000 | |
| Tristan Anthony Joseph | Stephen Joseph | King | | $8,500,000 | |
| Jessica Lynn Jurgens | Thomas Edward Jurgens | King | | $4,250,000 | |
| Jospeh E. Jurgens | Thomas Edward Jurgens | King | | $8,500,000 | |
| Joseph Brian Jurgens | Thomas Edward Jurgens | King | | $4,250,000 | |
| Dennis Ketcham, as personal representative of the estate of | Douglas Darrell Ketcham | King | $2,000,000 | | |
| Dennis Ketcham | Douglas Ketcham | King | | $8,500,000 | |
| Denyse Danielle Kruse, as personal representative of the estate of Raenell Ketcham | Douglas Ketcham | King | | $8,500,000 | |
| Denyse Danielle Kruse | Douglas Ketcham | King | | $4,250,000 | |
| Shivam Khandelwal | Rajesh Khandelwal | King | | $8,500,000 | |
| Susan M. King, as personal representative of the estate of | Amy King | King | $2,000,000 | | |
| Susan M. King, as personal representative of the estate of Stewart King Jr. | Amy King | King | | $8,500,000 | |
| Michael Robert Kuo | Frederick Kuo Jr. | King | | $8,500,000 | |
| Kathleen Gelman | Thomas Joseph Kuveikis | King | | $4,250,000 | |
| Angelina Jimenez, as personal representative of the estate of | Elena Fernanda Ledesma | King | $2,000,000 | | |
| Angelina Krissy Jimenez | Elena Fernanda Ledesma | King | | $8,500,000 | |
| Shanhellen Trissy Jimenez | Elena Fernanda Ledesma | King | | $8,500,000 | |
| Anne Lynn Hayashi | Stuart (Soo-Jin) Lee | King | | $12,500,000 | |
| Matthew J. Liz-Ramirez, as personal representative of the estate of | Nancy Liz | Hemenway | | | $2,458,029 |
| Christopher Delosh, as personal representative of the estate of | Kathy Nancy Mazza | Hargrave | | | $3,705,121 |
| Anne McCloskey, as personal representative of the estate of | Katie M. McCloskey | Jimenez | $2,000,000 | | |
| Amy Mulderry, as personal representative of the estate of | Stephen Vincent Mulderry | King | $2,000,000 | | |
| Amy Kane Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |
| Andrew Thomas Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| Anne McGrath Mulderry | Stephen Vincent Mulderry | King | | $8,500,000 | |
| Anne Connell Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |
| Daniel Patrick Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |
| Darra D. Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |
| Peter M. Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |
| William J. Mulderry | Stephen Vincent Mulderry | King | | $4,250,000 | |
| Jeanine Murphy, as personal representative of the estate of | James Francis Murphy IV | Hargrave | | | $6,081,230 |
| Karen A. Navas, as personal representative of the estate of | Joseph Michael Navas | Hargrave | | | $4,707,950 |
| Lorraine Nedell, as personal representative of the estate of | Laurence Florian Nedell | King | $2,000,000 | | |
| Jennie Nedell | Laurence Florian Nedell | King | | $8,500,000 | |
| Laura Nedell | Laurence Florian Nedell | King | | $8,500,000 | |
| Lorraine Nedell | Laurence Florian Nedell | King | | $12,500,000 | |
| Sandra O'Connor Carey, as personal representative of the estate of | Keith Kevin O'Connor | Asaro | | | $8,240,787 |
| Sheila O'Shea, as personal representative of the estate of | Patrick John O'Shea | Bianco | | | $2,614,826 |
| Valada Penny, as personal representative of the estate of | Richard Al Penny | King | $2,000,000 | | |
| Richard Tyson Penny | Richard Al Penny | King | | $8,500,000 | |
| Valada Berencia Penny | Richard Al Penny | King | | $12,500,000 | |
| Neil Peraza, as personal representative of the estate of | Robert David Peraza | Asaro | | | $1,650,900 |
| Linda Pohlmann, as personal representative of the estate of | William Howard Pohlmann | King | $2,000,000 | | |
| Linda Pohlmann | William Howard Pohlmann | King | | $12,500,000 | |
| Nicky Santiago | Giovanna Porras | Morris | | $12,500,000 | |
| Masia Shurla Riley, as personal representative of the estate of | Scott A. Powell | King | $2,000,000 | | |
| Art Edward Powell | Scott Alan Powell | King | | $4,250,000 | |
| Sydney Ayesha Powell | Scott Alan Powell | King | | $8,500,000 | |
| Scott Alan Watkins | Scott Alan Powell | King | | $8,500,000 | |

16

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| Gayle Regan, as personal representative of the estate of | Thomas Michael Regan | King | $2,000,000 | | $9,293,281 |
| Allaistar Mairead Regan | Thomas Michael Regan | King | | $8,500,000 | |
| Connor Patrick Regan | Thomas Michael Regan | King | | $8,500,000 | |
| Gayle Diane Regan | Thomas Michael Regan | King | | $12,500,000 | |
| Susan Zalesne Retik & Mark Retik, as co-personal representatives of the estate of | David Eliot Retik | Hargrave | | | $28,331,815 |
| Linda Rhodes, as personal representative of the estate of | John Rhodes | Hemenway | | | $972,585 |
| Thomas Kelleher, as personal representative of the estate of | Stephen Roach | King | $2,000,000 | | |
| Eileen B. Roach | Stephen Louis Roach | King | | $8,500,000 | |
| Isabel Roach | Stephen Louis Roach | King | | $12,500,000 | |
| Mackenzie A. Roach | Stephen Louis Roach | King | | $8,500,000 | |
| Stephen Louis Roach Jr. | Stephen Louis Roach | King | | $8,500,000 | |
| Karen Robertson-Jurcziak, as personal representative of the estate of | Donald Walter Robertson Jr. | Hargrave | | | $8,124,598 |
| Antoinette Rubino, as personal representative of the estate of | Joanne Rubino | Rivelli | | | $497,464 |
| Amanda Marie Ruddle | David Michael Ruddle | King | | $8,500,000 | |
| Brittley Wise, as personal representative of the estate of | Richard Lawrence Salinardi Jr. | King | $2,000,000 | | |
| Brittley Christian Wise | Richard Lawrence Salinardi Jr. | King | | $12,500,000 | |
| Carlos Gilberto Albert | Ayleen Santiago | King | | $4,250,000 | |
| Lisa A. Schunk, as personal representative of the estate of | Edward W. Schunk | King | $2,000,000 | | |
| Gail Ingersoll Sezna, as personal representative of the estate of | Davis Grier Sezna Jr. | King | $2,000,000 | | |
| Davis Grier Sezna | Davis Grier Sezna Jr. | King | | $8,500,000 | |
| Gail I. Sezna | Davis Grier Sezna Jr. | King | | $8,500,000 | |
| Walter William Sezna | Davis Grier Sezna Jr. | King | | $4,250,000 | |
| Edith Skrzypek, as personal representative of the estate of | Paul Albert Skrzypek | King | $2,000,000 | | |
| Laura Kingsbury | Paul Albert Skrzypek | King | | $4,250,000 | |

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| Albert John Skrzypek | Paul Albert Skrzypek | King | | $8,500,000 | |
| Edith Skrzypek | Paul Albert Skrzypek | King | | $8,500,000 | |
| June Pietruszkiewicz, as personal representative of the estate of | James Joseph Suozzo | King | $2,000,000 | | |
| June Ryan Pietruszkiewicz | James Joseph Suozzo | King | | $12,500,000 | |
| Alexander James Suozzo | James Joseph Suozzo | King | | $8,500,000 | |
| Timothy John Suozzo | James Joseph Suozzo | King | | $8,500,000 | |
| Simone Lenee Taylor | Donnie Brooks Taylor | Bernaerts | | $8,500,000 | |
| Vera Schleeter, as personal representative of the estate of | Kip Taylor | King | $2,000,000 | | |
| Ann Marie Taylor | Kip Taylor | King | | $4,250,000 | |
| Dean Taylor | Kip Taylor | King | | $4,250,000 | |
| Dean Ross Taylor | Kip Taylor | King | | $8,500,000 | |
| John Luke Taylor | Kip Taylor | King | | $8,500,000 | |
| Kay Ann Taylor | Kip Taylor | King | | $8,500,000 | |
| Vera Schleeter, as personal representative of the estate of Nancy Taylor | Kip Taylor | King | | $12,500,000 | |
| Artricia McClure | Tamara Ciara Thurman | Ades | | $4,250,000 | |
| Wilton White | Tamara Ciara Thurman | Ades | | $4,250,000 | |
| Shari Tolbert, as personal representative of the estate of | Otis Vincent Tolbert | Bianco | $2,000,000 | | |
| Amanda Nicole Tolbert | Otis Vincent Tolbert | Bianco | | $8,500,000 | |
| Anthony Julian Tolbert | Otis Vincent Tolbert | Bianco | | $8,500,000 | |
| Brittany Lee Tolbert | Otis Vincent Tolbert | Bianco | | $8,500,000 | |
| Shari Lee Tolbert | Otis Vincent Tolbert | Bianco | | $12,500,000 | |
| Judith Knight | Frank Wisniewski | King | | $4,250,000 | |
| Judith Knight, as personal representative of the estate of Mary Wisniewski | Frank Wisniewski | King | | $8,500,000 | |
| Vincent Wisniewski | Frank Wisniewski | King | | $4,250,000 | |
| Raymond Robert Pena | Raymond Robert York | Bernaerts | | $8,500,000 | |
| Loubertha Williams, as personal representative of the estate of | Jacqueline Young | King | $2,000,000 | | |

| Plaintiff | 9/11 Decedent | Case | Pain & Suffering | Solatium | Economic |
|---|---|---|---|---|---|
| James McKenly | Jacqueline Young | King | | $4,250,000 | |
| Loubertha Williams | Jacqueline Young | King | | $8,500,000 | |